**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 17, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,
    Cross-Appellee

v

No. 120825

MOBILE LUNDY,

    Defendant-Appellee,
    Cross-Appellant.

_____

PER CURIAM

    A jury convicted defendant of first-degree felony murder, MCL 750.316(1)(b).[1]  The Court of Appeals determined that there was insufficient evidence of the underlying felony of

---

[1]MCL 750.316(1) provides:

    A person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life:

    (b) Murder committed in the perpetration of, or attempt to perpetrate . . . larceny of any kind . . . .

larceny and remanded the case to the circuit court for entry of a conviction of second-degree murder and resentencing.[2] Finding the evidence of larceny sufficient, we reverse the judgment of the Court of Appeals and reinstate defendant's first-degree felony-murder conviction.

I

This case arose out of the robbery and stabbing death of Reginald May. The prosecutor's theory was that defendant and his girlfriend, Debra Hart, were alone with the victim in an apartment when defendant saw he had some money, stabbed him to death, and took the money.

Defendant testified that he, Hart, the victim, and two others had been drinking beer and vodka and smoking crack cocaine. He said he went to use the bathroom when the two others left to get more crack cocaine. Defendant indicated that, when he came out of the bathroom, Hart said the victim had been bothering her. He explained that he stabbed the victim to protect Hart and himself from the victim during a struggle.[3] Defendant said that the victim's money was not related to the stabbing, that he did not see the victim with

---

[2]Unpublished opinion per curiam, issued October 9, 2001 (Docket No. 220100).

[3]The medical examiner testified that the victim had been stabbed nine times.

2

money before the altercation, and that Hart took the money from the victim after the stabbing as they were leaving the apartment.  However, defendant acknowledged during cross-examination that he had made a prior inconsistent statement to the effect that he had seen the victim with money before the stabbing.

After considering all the evidence, the jury returned a verdict of first-degree felony murder.

## II

The Court of Appeals reversed the conviction on the basis that defendant's prior inconsistent statement, that he had seen the victim with money before the stabbing, had been improperly considered as substantive evidence, rather than just for impeachment purposes.  In reaching this conclusion the Court of Appeals relied upon *People v Jenkins*, 450 Mich 249, 260-261; 537 NW2d 828 (1995).

Judge Zahra dissented, indicating that he believed the evidence was sufficient to support the jury's verdict.

## III

The prosecution has applied to this Court for leave to appeal.  Defendant has filed a cross-appeal regarding other issues that the Court of Appeals rejected.

The prosecution contends, and we agree, that the Court of Appeals erred in applying *People v Jenkins* to defendant's

3

prior inconsistent statement. *Jenkins* stands for the general proposition that prior unsworn statements of a witness are mere hearsay and are generally inadmissible as substantive evidence. However, *Jenkins* is inapplicable because it related to impeachment of a prosecution witness with an inconsistent statement, whereas this case concerns defendant's out-of-court statement. Admissions by a party are specifically excluded from hearsay and, thus, are admissible as both impeachment and substantive evidence under MRE 801(d)(2).[4] Thus, properly understood, *Jenkins* only applies to nonparty witnesses.

In reviewing a challenge to the sufficiency of the evidence, this Court analyzes the evidence presented in the light most favorable to the prosecution to determine whether any rational trier of fact could have found that the essential elements of the crime charged were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992) mod 441 Mich 1201 (1992). The element in dispute here is whether the defendant, at the time he stabbed the victim, was committing or attempting to commit a larceny or helping Hart

---

[4]MRE 801(d) provides:

A statement is not hearsay if—

(2) . . . The statement is offered against a party and is (A) the party's own statement . . . .

4

commit a larceny.[5]

Viewing the evidence in the light most favorable to the prosecution, including defendant's prior inconsistent statement that he had seen the victim with money before the stabbing, we hold that the evidence of the underlying larceny was sufficient. As Judge Zahra indicated, from the evidence the jury could conclude that defendant or Hart knew that the victim had money and decided to seize the moment to rob and murder the victim. Slip op at 1. The jury was free to discount testimony suggesting that defendant or Hart formed the intent to take the money only after the stabbing.[6]

It is for these reasons that we reverse the judgment of the Court of Appeals and reinstate defendant's first-degree

---

[5]The trial court correctly instructed the jury that, in order to find defendant guilty, it had to find that, at the time defendant did the act that caused the victim's death, he was committing, or attempting to commit, or helping someone else commit the crime of larceny.

[6]
[A]ppellate courts are not juries, and even when reviewing the sufficiency of the evidence, they must not interfere with the jury's role:

[An appellate court] must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact. . . . Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. [*Wolfe, supra* at 514-515].

5

felony-murder conviction.    With regard to the defendant's cross-appeal, we deny leave to appeal.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.