# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD KEVIN WATT,

Defendant-Appellant.

UNPUBLISHED
October 16, 2014

No. 316290
Mecosta Circuit Court
LC No. 12-007596-FH

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of resisting and obstructing a police officer under MCL 750.81d(1). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case springs from defendant's arrest on September 21, 2012, which occurred after a verbal dispute with a police officer outside a bar. Defendant's friend drew the attention of the officer after throwing a can into the bushes. As the officer spoke with defendant's friend about the can throwing, defendant attempted to talk to the officer and intercede on behalf of his friend. The officer instructed defendant to stay back and not involve himself, but defendant continued to move toward the officer and ask him questions. At some point, the officer told defendant he would arrest him, and defendant moved away[1] from the scene. However, defendant did not get very far, as the officer tasered him two times.[2]

The prosecution subsequently charged defendant with resisting or obstructing a police officer pursuant to MCL 750.81d(1). Defendant chose to have a jury trial in the Mecosta Circuit Court, and the jury heard extensive testimony from defendant, his friends, the officer, and bystanders. The testimony conflicted on the officer's demeanor, as some witnesses reported that

---

[1] It is unclear whether defendant walked or ran away from the officer.

[2] It is also unclear whether the officer ordered the defendant to stop before tasering him: some witnesses stated that the officer did so; defendant testified that he did not hear the officer say anything before he was tased.

-1-

the officer was calm and restrained, while others stated that he was aggressive and unreasonable. But the evidence clearly established that defendant disobeyed and obstructed the officer, and knew that the officer was a police officer when he did so. Accordingly, the jury convicted defendant of violating MCL 750.81d(1).

On appeal, defendant says: (1) the prosecution failed to present sufficient evidence to sustain the conviction; and (2) the trial court denied defendant his constitutional right to present a defense.

## II. STANDARD OF REVIEW

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). The evidence presented is analyzed "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found that the essential elements of the crime charged were proven beyond a reasonable doubt." *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). It is the trier of fact's role to judge credibility and weigh the evidence. *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011).

Whether a defendant was deprived his constitutional right to present a defense is reviewed de novo. *People v Unger*, 278 Mich App 210, 247; 749 NW2d 272 (2008).

## III. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE

To convict a defendant under MCL 750.81d(1), the prosecution must establish: "(1) the defendant assaulted, battered, wounded, resisted, obstructed,[3] opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010) (footnote added). However, an individual has a common-law right to resist an unlawful arrest. *People v Moreno*, 491 Mich 38, 48; 814 NW2d 624 (2012).

Here, defendant unconvincingly argues that the prosecution presented insufficient evidence to sustain his conviction. The prosecution actually presented ample evidence, which sustains his conviction of violating MCL 750.81d(1). Defendant himself testified that the officer told him to stay back from the scene multiple times, and that he did not comply with the officer's request. Moreover, the officer testified that when he attempted to arrest defendant for hindering his investigation under a city ordinance, defendant told the officer he was not going to jail and fled the scene. When ordered to stop, according to the officer, defendant continued to run. Therefore, when viewed in the light most favorable to the prosecution, defendant "obstructed" a

---

[3] " 'Obstruct' includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a).

police officer per MCL 750.81d(1), in that he knowingly "fail[ed] to comply with a lawful command." Defendant also admitted he knew the officer was a police officer, nor does he dispute that the officer was performing his duties as a police officer when the incident occurred. The officer's testimony confirmed that he was in a full police uniform at the time, questioning an individual about a possible violation of city ordinances against open intoxicants and littering.

The prosecution thus presented sufficient evidence that defendant violated MCL 750.81d(1).[4]

## B. RIGHT TO PRESENT A DEFENSE

It is well-established that a criminal defendant has a constitutional right to a "meaningful opportunity to present a complete defense." *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012).

Here, defendant asserts that, by limiting his argument, the trial court improperly denied him the opportunity to present a defense. Specifically, he points to a statement made by defense counsel during closing argument that defendant should not have been tased because he was doing what the officer ordered him to do. His attorney stated:

> We can't condone [the officer's] bad behavior. If you apply the facts that have been given to you today, and . . . you have to apply all of the evidence that you've been presented with and look at the whole – all of the circumstances involved in this, the evidence demonstrated that [the officer] acted inappropriately. He acted too aggressively. He was too quick to pull that Taser gun. He should not have tasered [defendant].
>
> You can't allow the prosecution to justify [the officer's] actions by convicting him of resisting and obstructing . . . a police officer.

The prosecution then objected, stating that the argument asked the jury to decide the case on facts that were irrelevant to whether defendant was actually guilty of the charged offense. Defense counsel averred that she was "asking the jury to take into consideration all of the facts and circumstances surrounding" the incident. The court sustained the prosecution's objection, and defense counsel stated that she had nothing further to argue.

Defendant's claim that the trial court limited his argument is unavailing. It is clear from the record that defendant had ample opportunity to present his case: namely, that the police officer had reason to lie about the incident, because he used excessive force in tasering defendant when defendant was complying with his commands. The trial court's actions did not prevent defendant from presenting this version of events to the jury—and in fact, defendant made these

---

[4] Defendant's claim that the officer's actions were unlawful is without merit. Though there is a common-law right to resist an unlawful arrest, finding that defendant exercised this right requires us to view the testimony in the light most favorable to defendant—something we are not permitted to do. See *Moreno*, 491 Mich at 58; and *Lundy*, 467 Mich at 257.

points during an unobjected portion of his closing argument.  Accordingly, he was not denied the right to present a defense.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray