# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

DONNELL RASPBERRY,

   Defendant-Appellant.

UNPUBLISHED
June 9, 2015

No. 320304
Emmet Circuit Court
LC No. 13-003876-FH

---

Before: RIORDAN, P.J., and DONOFRIO and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that defense counsel was ineffective for failing to raise an entrapment defense before the trial court. Because defendant did not preserve this issue by moving for a new trial or an evidentiary hearing, our review is limited to mistakes apparent on the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

To demonstrate ineffective assistance of counsel, a defendant must present evidence that counsel's performance was deficient and that the deficiency prejudiced the defendant. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). This requires a defendant to "show that (1) counsel's performance was below an objective standard of reasonableness under professional norms and (2) there is a reasonable probability that, if not for counsel's errors, the result would have been different and the result that did occur was fundamentally unfair or unreliable." *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the defendant bears the burden of overcoming that presumption. *Strickland*, 466 US at 689; *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Michigan analyzes claims of entrapment under an objective test. *People v Juillet*, 439 Mich 34, 53; 475 NW2d 786 (1991). The defendant bears the burden of establishing by a

preponderance of the evidence that "either (1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot be tolerated." *People v Johnson*, 466 Mich 491, 498; 647 NW2d 480 (2002). A number of factors are considered in evaluating whether the government activity at issue would impermissibly induce criminal behavior, including

> (1) whether there existed appeals to the defendant's sympathy as a friend, (2) whether the defendant had been known to commit the crime with which he was charged, (3) whether there were any long time lapses between the investigation and the arrest, (4) whether there existed any inducements that would make the commission of a crime unusually attractive to a hypothetical law-abiding citizen, (5) whether there were offers of excessive consideration or other enticement, (6) whether there was a guarantee that the acts alleged as crimes were not illegal, (7) whether, and to what extent, any government pressure existed, (8) whether there existed sexual favors, (9) whether there were any threats of arrest, (10) whether there existed any government procedures that tended to escalate the criminal culpability of the defendant, (11) whether there was police control over any informant, and (12) whether the investigation was targeted. [*Id*. at 498-499.]

The record in this case does not support defendant's argument that the police entrapped him. First, there was no evidence that the police appealed to defendant based on friendship. The evidence was that defendant and the informant barely knew each other. Before the sale for which defendant was convicted, defendant and the informant knew each other for less than a year. Further, there was no evidence that either the informant or the police placed excessive pressure on defendant, that the informant made any type of emotional plea to induce defendant to engage in the criminal activity, or that a friendship between defendant and the informant was otherwise exploited to induce defendant to commit the crime. Moreover, it does not appear that excessive consideration was provided to defendant as the price agreed upon was only $50. Next, although defendant asserts that he was uninvolved in the sale of drugs for many years, at sentencing, defense counsel acknowledged that at the time of the transaction defendant was on probation for a delivery of marijuana conviction. Further, the informant's testimony established that defendant was present at other drug transactions. Thus, the record shows that defendant was known to commit the charged crime before the incident occurred. At the very least, the record supports that he was involved in the drug culture. Next, the time lag between the investigation and the arrest was relatively short, consisting of only a week or two. Further, there is no evidence that the police made guarantees that the acts were not illegal, nor is there evidence that sexual favors were offered to defendant. There is also no evidence that defendant was threatened with arrest if he did not make the sale. On the other hand, the record does support that the police had control over the informant to the extent that she was searched before and after the transaction, was wearing a recording device, and was given prerecorded funds. However, it is clear that any "control" the police had over the informant had no effect on defendant's willingness to commit the crime. Finally, although defendant argued that the police attempted to escalate defendant's criminal culpability by having the informant ask for a larger quantity of drugs, the informant testified that defendant did not have the larger quantity and that he told her he could not do it without contacting "his guy." Thus, there was no escalation of defendant's criminal culpability.

Overall, there is nothing on the record to indicate that a law-abiding person, in similar circumstances, would be induced to commit a crime. Rather, the facts support a finding that defendant was simply offered an opportunity to commit the crime. It is well established that "where law enforcement officials present nothing more than an opportunity to commit the crime, entrapment does not exist." *Id.* at 498. Because the evidence does not support defendant's entrapment claim, any failure by defense counsel in failing to advance entrapment as a defense does not constitute ineffective assistance. See *Ericksen*, 288 Mich App at 201.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence to support the conviction. In particular, he asserts that there was insufficient evidence identifying him as the person who sold marijuana to a confidential informant working with the Straits Area Narcotics Enforcement (SANE) team.

Challenges to the sufficiency of the evidence are reviewed de novo. *Ericksen*, 288 Mich App at 195. Due process requires, that when the evidence is viewed in the light most favorable to the prosecution, a reasonable trier of fact could find each element of the crime established beyond a reasonable doubt. *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). It is the trier of fact's role to judge credibility and weigh the evidence. *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011).

"The elements of delivery of less than five kilograms of marijuana are (1) the defendant delivered a controlled substance, (2) the controlled substance was marijuana or a mixture containing marijuana, (3) the defendant knew he was delivering marijuana, and (4) the delivery consisted of less than five kilograms of marijuana." *People v Williams*, 294 Mich App 461, 470; 811 NW2d 88 (2011). Moreover, identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

Defendant only challenges whether the evidence was sufficient to identify him as the perpetrator. However, there was sufficient evidence to identify defendant as the one who sold the marijuana that day. There was evidence that a black man left defendant's residence and got into defendant's white vehicle. That same vehicle was then seen arriving at the park where the informant was waiting. The informant testified that it, indeed, was defendant in the vehicle, from whom she purchased the marijuana. As a result, there was sufficient evidence, in the form of circumstantial evidence and direct evidence, from which a jury could have concluded beyond a reasonable doubt that defendant was the one who sold the marijuana that day.

Defendant claims that the informant's testimony was untrustworthy because of her potential motivation to lie in order to help herself with her own potential criminal charges. However, it is the jury's role to weigh credibility, and we will not second guess that determination. *Jackson*, 292 Mich App at 587; see also *People v Atkins*, 397 Mich 163, 172; 243 NW2d 292 (1976) ("[T]he credibility of an addict-informer . . . is a jury question, and . . . the jury may convict on such testimony alone."). Furthermore, the informant's motive was fully

explored on cross-examination, thereby enabling the jury to make an informed decision of her credibility.

Affirmed.

/s/ Michael J. Riordan
/s/ Pat M. Donofrio
/s/ Jane M. Beckering