# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 14, 2016

Plaintiff-Appellee,

v

No. 325698
Eaton Circuit Court
LC No. 14-020228-FH

SONNY LEE ROUNDS,

Defendant-Appellant.

Before: TALBOT, C. J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his conviction following a jury trial of two counts of felonious assault, MCL 750.82, and two counts of resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to four concurrent sentences of 58 months to 15 years in prison to be served consecutive to the sentences he was already serving on another case. We affirm.

In the early morning hours of June 28, 2014, Eaton County Sheriff's Office Sergeant Josh Ivey and Deputy Preston Dahlgren were investigating two houses for methamphetamine activity. The houses were located near a boat launch. During their investigation, the officers observed a pickup truck pull into the boat launch and park between the two houses. Finding the presence of the truck suspicious at that hour, the officers approached to investigate.

Defendant was the sole occupant of the truck. Ivey testified that he recognized that defendant was someone on parole and that he was aware that there was a search clause in defendant's parole that allowed the police to search him. Ivey believed that defendant showed signs of being "under the influence of some sort of narcotics." He asked defendant to roll down the passenger window or open the passenger door so that he could speak to him, but defendant repeatedly refused. While peering inside the truck, Ivey observed what "appeared . . . to be crack cocaine." Ivey then told Dahlgren to get defendant out of the truck. Dahlgren repeatedly ordered defendant to open the door and get out of the truck, but defendant refused. Dahlgren reached through the open driver's side window to unlock defendant's door, but defendant resisted, reached for the ignition, and started the truck. When Dahlgren grabbed defendant's arm to stop him, the truck began rolling downhill toward the nearby lake.

As the truck rolled forward, Ivey grabbed Dahlgren's belt and pulled him out of the truck. The truck hit a curb and stopped moving. According to the officers, Ivey drew his weapon,

pointed it at defendant, and told him to put his hands up, turn off the truck, and get out of it. Ivey testified that defendant put his hands up and asked him not to shoot, so he holstered his gun and reached for his taser. As he did so, defendant revved the engine really high, put the truck in reverse, and spun out backwards. According to the officers, the truck came to a stop, turned, and then accelerated straight at them, with squealing tires. Dahlgren testified that he stood five yards from the truck, "facing right down the . . . front of the pickup," staring at the "headlights and . . . grill." He said he got out of the way "as fast as [he] could." Ivey began running away from the truck, but was struck by the open driver's side door as it drove by.

As a result of these actions, defendant was charged with two counts of felonious assault—one against Ivey and one against Dahlgren—and two counts of resisting or obstructing a police officer—one against Ivey and one against Dahlgren. The jury found defendant guilty on all four counts.

On appeal, defendant argues that there was insufficient evidence to sustain his felonious assault convictions. We disagree.

Sufficiency of the evidence claims are reviewed de novo on appeal. *People v Osby*, 291 Mich App 412, 415; 804 NW2d 903 (2011). Due process requires, that when the evidence is viewed in the light most favorable to the prosecution, a reasonable trier of fact could find each element of the crime established beyond a reasonable doubt. *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). It is the trier of fact's role to judge credibility and weigh the evidence. *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011).

The crime of felonious assault has three elements: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). It is a specific intent crime, see *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979), which "requires a particular criminal intent beyond the act done," *People v Whitney*, 228 Mich App 230, 254; 578 NW2d 329 (1998). The offender must "subjectively desire or know that the prohibited result will occur." *Id*. at 255-256 (quotations omitted). "Intent may be inferred from all the facts and circumstances," including the defendant's actions. *People v Cameron*, 291 Mich App 599, 615; 806 NW2d 371 (2011).

The officers testified that after coming to a stop, defendant turned his truck and headed straight toward them, with the engine revving and tires squealing. This action is circumstantial evidence of an "intent to injure or place the [officers] in reasonable apprehension of an immediate battery." *Avant*, 235 Mich App at 505. According to Dahlgren, he was only five yards away from the front of the truck, facing the headlights and the grill, and, if he had not moved, the truck would have run him over. Ivey testified that the truck actually struck him as it drove by. A jury could reasonably infer from this evidence that defendant intended to assault the

officers, by impact or reasonable apprehension, in order to enable his flight. Accordingly, we reject defendant's claim that there was insufficient evidence of intent.[1]

Defendant next argues that the trial court abused its discretion in admitting evidence of a glass pipe found at the boat launch and in allowing one of the officers to testify that it was a pipe used to smoke crack cocaine. The pipe was found adjacent to the tire tracks left by defendant's truck as he fled, but no testing was performed to confirm that the pipe belonged to defendant or had been used to smoke crack or other illegal drugs. On appeal, defendant argues that the pipe was other acts evidence admitted in violation of MRE 404(b). At trial, defense counsel did not raise MRE 404(b), but instead objected on the basis of MRE 403, arguing that the evidence was irrelevant and substantially more prejudicial than probative. We conclude that MRE 404(b) does not apply to the challenged evidence and that the trial court did not abuse its discretion in overruling the MRE 403 objection.

While the pipe's presence at the scene suggests that defendant was engaged in another crime in addition to the ones he was charged with, it did not raise the concerns addressed by MRE 404(b). It did not concern acts that were unrelated in time or space to the events at issue or to some possible crime unrelated to that for which defendant was charged. Rather, it was directly related to the events giving rise to the charges and it explained why defendant might act so rashly as to threaten police officers with vehicular injury.[2]

As to the MRE 403 challenge, given the lack of stronger evidence that the pipe belonged to defendant or had been used to consume illegal drugs, the pipe had only modest probative value. Additionally, the challenged evidence presented potential prejudice because it suggested that defendant had a bad character. Nevertheless, we do not conclude that the trial judge's ruling was an abuse of discretion. While the jury was free to reject the argument that the pipe belonged to defendant, there was an adequate foundation for its admission and if the jury concluded that it had belonged to defendant, it was probative as to motive and intent. At best the admissibility of the challenged evidence was a close question. See *People v Ackerman*, 257 Mich App 434, 442; 669 NW2d 818 (2003) (holding that a trial court's decision on a close evidentiary question is generally not an abuse of discretion). Moreover, any prejudice was substantially reduced by defense counsel's cross-examination of the officers, during which they conceded that the pipe may not have belonged to defendant, and by the fact that the prosecution did not mention the pipe in closing argument.

Finally, a review of the record makes clear that even if admission of the challenged evidence was error, it is highly unlikely that it was outcome determinative and so the error would not require reversal. *People v Williams*, 483 Mich 226, 243; 769 NW2d 605 (2009). Regardless of evidence concerning the pipe, the jury was presented with uncontested evidence that

---

[1] Given this conclusion, we need not consider defendant's arguments regarding resentencing, which were premised on defendant's convictions being vacated.

[2] For this reason, even if MRE 404(b) were applicable, it would not have barred the evidence because the pipe was relevant to intent.

defendant repeatedly defied the orders of two uniformed officers, and then accelerated his truck directly towards them, forcing them to run, and actually striking one officer with the door of his truck.

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro