# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOHN EARL EASLEY,

      Defendant-Appellant.

UNPUBLISHED
April 19, 2016

No. 325827
Ingham Circuit Court
LC No. 12-000741-FH

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of resisting or obstructing a police officer, MCL 750.81d(1). He was sentenced as a third habitual offender, MCL 769.11, to serve 365 days in jail. For the reasons stated in this opinion, we affirm.

This case arises from an incident that occurred in the courtroom of Ingham Circuit Court Judge Clinton Canady, III, during the sentencing of defendant's girlfriend, Blanche Hayward. The prosecution and defense presented highly divergent versions of the incident.

The prosecution presented evidence that the Ingham County Sheriff's Department was alerted that defendant might behave disruptively during Hayward's sentencing, so several deputies were present. Hayward's victims were also present. One victim testified that defendant turned toward them a couple of times and, on one occasion, moved his finger across his neck. Deputy Gaspar Mendez testified that when defendant looked over his shoulder toward the victims, he made several comments to them, including "this isn't over yet" and "I'll see you in the hallway." Deputy Tryon Calkins told defendant to "look forward . . . and not try to intimidate or mess with the victims of the crime."

The victims gave their impact statements and returned to their seats. Deputy Mendez testified that defendant scowled at them and continued to say things like "I'll see you out in the hallway" and "this isn't over yet." Deputy Mendez testified that he approached defendant, intending to ask him to leave. He said that defendant stood up, saying something like, "this is bullshit." Deputy Mendez testified that defendant was given his bag, asked to leave, and that he grabbed defendant's arm to attempt to lead him out of the courtroom. Defendant, however, "squared up" to the deputy, pulled his arm away, and allegedly said, "you're going to have to make me leave."

Deputy Mendez testified that, at that point, he told defendant he was under arrest for disorderly behavior, but defendant continued to pull away and tighten his body. Deputy Mendez and another deputy forced defendant to the ground. Deputy Mendez explained that defendant did not comply with commands to put his hands behind his back and that defendant attempted to get up while he and the other deputy were trying to gain physical control of him. Deputy Mendez radioed for assistance, pulled his taser, pressed it against defendant's leg, and announced that if defendant continued to resist, he would tase him. According to Deputy Mendez, defendant responded, "you're going to have to tase me." At that point, other officers arrived, so Deputy Mendez did not fire his taser.

Defendant, however, testified that he did not make any remarks or gestures during Hayward's sentencing. He explained that when he learned what her sentence was going to be, he stood up to put his coat on. Defendant testified that Deputy Mendez ran over and blocked him from leaving. He said that Deputy Mendez told him to leave, so he politely responded that he was leaving and reached for his bag, which was being held out by a deputy. Defendant testified that, as he reached for his bag, Deputy Mendez grabbed him and forced him to the ground. Defendant testified that he was never given the chance to leave and that he had not done anything wrong.

On appeal, defendant argues that there was insufficient evidence to support his conviction because the deputy's actions were not lawful.[1] We disagree.

To support a conviction for resisting or obstructing a police officer pursuant to MCL 750.81d(1), the prosecutor must demonstrate that (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties, and (3) that the officer's actions were lawful. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation omitted); *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014). See also *People v Moreno*, 491 Mich 38, 51-52; 814 NW2d 624 (2012) (holding that in a prosecution under MCL 750.81d(1) "the prosecution must establish that the officers' actions were lawful").[2] Defendant argues that there was insufficient evidence that the deputy's actions were lawful.

---

[1] Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010).

[2] In this case, the trial court only instructed the jury on the first two elements. A criminal defendant is entitled to have all the elements of the crime submitted to the jury because he or she "has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). Accordingly, the jury should have been instructed that the prosecution had to prove beyond a reasonable doubt that the deputy's actions were lawful. Defendant, however, has not argued on appeal that he should receive a new trial based on the trial court's failure to properly instruct the jury. It is likely that defendant would be entitled to a new trial if he had raised the

The prosecution, however, argues that *Moreno's* lawfulness requirement should not be retroactively applied to defendant's case. It is undisputed that the courtroom incident occurred on March 7, 2012. *Moreno* was decided a little over a month later on April 20, 2012. Defendant, however, was not charged until October 2014—over two years after *Moreno* was decided.

The prosecution directs us to *People v Pulley*, 66 Mich App 321; 239 NW2d 366 (1976) for the proposition that the relevant date for retroactivity of a judicial decision is the date on which the conduct took place, not the date of trial. In that case, the defendant argued that *People v Beavers*, 393 Mich 554; 227 NW2d 511 (1975) mandated that evidence obtained in violation of a warrant requirement be excluded from his trial. *Id*. at 325. The *Pulley* Court, however, noted that the *Beavers* opinion explicitly stated that it was "to be applied prospectively." *Id*. at 326. Further, given that the primary purpose of the warrant requirement was to deter unlawful police behavior, "the effective date of *Beavers* is the date on which the challenged police conduct occurred, not the date of the trial." *Id*. In this case, however, the primary purpose of the lawfulness requirement in *Moreno* does not relate to a defendant or a police officer's conduct at the time the offense was committed. Instead, it relates to an element that the prosecution must prove *at trial*. Accordingly, *Pulley* is inapposite to the facts in this case.

*Moreno* overruled this Court's decision in *People v Ventura*, 262 Mich App 370; 686 NW2d 748 (2004). The *Moreno* Court concluded that, contrary to the holding in *Ventura*, the enactment of MCL 750.81d(1) had not abrogated the common law right to resist an unlawful arrest. *Moreno*, 491 Mich at 57. In *Quinn*, this Court addressed whether *Moreno* should be given retroactive effect in a case where defendant was *convicted and sentenced* before *Moreno* was decided. The *Quinn* Court held:

> The purpose of the new rule announced in *Moreno* was to reestablish the common-law rule that a person may resist an unlawful arrest, which was deemed abrogated by this Court in *Ventura* . . . [P]rosecutors and courts relied on *Ventura* and full retroactivity could upset the public's interest in the finality of convictions. Therefore, we conclude that the new rule in *Moreno* should be given limited retroactive effect to cases in which a defendant raised the issue on appeal and the defendant either preserved it in the trial court or can demonstrate plain error affecting substantial rights[.] [*Quinn*, 305 Mich App at 490.]

In this case, given that defendant was not convicted at the time *Moreno* was decided, the finality of his conviction is not at issue. Indeed, defendant was not tried until over two years after *Moreno* was decided. Thus, the prosecutor and the court, presumably fully aware of the lawfulness requirement set forth in *Moreno*, had no reason to rely on this Court's decision in

---

issue. Defendant was sentenced to a year in jail—a sentence that was well below the guidelines range for a third habitual offender—and he has already served the entirety of his sentence. Given that there is a reasonable probability that defendant would receive a longer sentence should he be convicted following a new trial, it appears that defendant's decision not to raise an instructional error on appeal was strategic. We will not presume that appellate defense counsel was ineffective for failing to raise this issue.

*Ventura*. Accordingly, we conclude that, consistent with *Moreno*, the prosecution was required to establish that Deputy Mendez's actions were lawful.

On appeal, defendant argues that Deputy Mendez had no reason to ask him to leave the courtroom because he did not shout out or cause a loud disturbance. Instead, he was merely muttering under his breath and making a subtle rocking motion. After Hayward was sentenced, defendant was getting ready to leave, but Deputy Mendez, acting hastily, snatched defendant's bag, grabbed him, and attempted to push him out of the courtroom. Then, when defendant stiffened his arms and squared his body to Deputy Mendez, he was wrestled to the ground and eventually placed in lockup. Defendant contends that Deputy Mendez broke his tooth and that, to cover up a civil suit against the county, defendant was charged with resisting or obstructing a police officer.

When reviewing a challenge to the sufficiency of the evidence, we view the facts in the light most favorable to the prosecution in order to determine whether a reasonable trier of fact could find each element of the crime established beyond a reasonable doubt. *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). Witness credibility is a question for the jury. *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999).

Contrary to defendant's presentation of the facts, several witnesses testified that defendant was threatening Hayward's victims and making inappropriate comments. Deputy Mendez testified that he asked defendant to leave because, in his training and experience, defendant's behavior was inappropriate for the courtroom. A court may temporarily remove disruptive and disorderly persons from the courtroom. *In re Hague*, 412 Mich 532, 559; 315 NW2d 524 (1982). Thus, there was sufficient evidence to establish that Deputy Mendez's initial command was lawful. Moreover, there was sufficient evidence to establish that Deputy Mendez's decision to arrest defendant for being a disorderly person was also lawful. A law enforcement officer may make a lawful arrest when a person commits a felony or misdemeanor in the officer's presence. *Vandenberg*, 307 Mich App at 69. Again, there was testimony that defendant threatened Hayward's victims, made inappropriate comments in court, refused to leave the courtroom, pulled away from Deputy Mendez when he tried to escort defendant from the courtroom, physically resisted being handcuffed after being forced to the ground, and refused to comply with commands to stop resisting. Finally, defendant knew or had reason to know that the deputies were law enforcement officers performing their duties because the deputies were wearing full uniforms and defendant admitted at trial that he knew they were deputies. Therefore, on this record, there was sufficient evidence to support defendant's conviction.

Affirmed.

/s/ Michael J. Talbot
/s/ Joel P. Hoekstra
/s/ Douglas B. Shapiro

-4-