# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ROGERICK RAYSHUN ALLEN,

      Defendant-Appellant.

UNPUBLISHED
December 26, 2017

No. 334787
Calhoun Circuit Court
LC No. 2016-000509-FH

---

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Rogerick Allen, appeals as of right his jury trial convictions for possession of heroin in an amount less than 50 grams with intent to deliver, MCL 333.7401(2)(a)(*iv*), possession of cocaine in an amount less than 50 grams with intent to deliver, MCL 333.7401(2)(a)(*iv*), and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced Allen as a fourth-offense habitual offender, MCL 769.12, to 2 to 20 years' imprisonment for the possession with intent to deliver convictions and 287 days' imprisonment for the possession of marijuana conviction. Because there was sufficient evidence to support his convictions, we affirm.

## I. BASIC FACTS

On September 25, 2015, Allen was arrested on an outstanding felony warrant. The arresting officers testified that they had been on patrol looking for Allen when they received information that he was on the front porch of a house located at 39 Harrison Street in Battle Creek, Michigan. One of the officers testified that he had received information that Allen was selling narcotics. Because the officers were concerned that Allen might enter the house before they could make contact with him, they parked their vehicles some distance away and walked through several backyards to sneak up on him. As they approached, one of the officers observed Allen rolling a blunt.[1]

---

[1] A blunt is a marijuana cigarette or cigar.

The officers ordered Allen and another individual on the porch, Demeko Shaziers, to get on the ground. Both men complied. Allen does not dispute that he had marijuana in his possession when he was arrested. He also had $250 in cash.

On the porch directly between Allen and Shaziers was a white plastic grocery bag containing a number of items, including a can of Arnold Palmer iced tea-lemonade. An officer testified that the can was not typical because it was heavy and hard "like a piece of concrete." The officer explained during previous, unrelated drug raids he had encountered similar cans used to hide contraband. As a result, he unscrewed the top of the can and discovered a number of bags containing what appeared to be narcotics. Inside some of the bags were about 85 smaller bags containing what the officer believed to be single doses of cocaine or heroin. Two of the bags were sent to the Michigan State Police Crime Lab for laboratory testing. One bag was confirmed to contain 0.68 grams of heroin and the other to contain 1.58 grams of cocaine.

After waiving his *Miranda*[2] rights, Allen told the police that his friend Chris Livingston lived at 39 Harrison Street. He explained that Livingston was having problems with his girlfriend, so he had went to his house to talk about it. With regard to the grocery bag, Allen first stated that he stopped at a gas station on his way to Livingston's house. He also stated that he and Shaziers had walked to the house together; however, later in the interview he stated that Shaziers was already at the house with the grocery bag when he arrived. Allen never claimed responsibility for the grocery bag containing the narcotics.

At trial, Allen testified that before going to Livingston's house he stopped at a gas station to purchase cigarettes and cigarillos. He stated that after he arrived, Livingston and his girlfriend started to argue, so he went outside after Shaziers asked him to smoke a blunt on the porch. He testified that he had never met Shaziers before, that the grocery bag was not his, and that he only had marijuana in his possession when the police arrived and arrested him.

## II. SUFFICIENCY OF THE EVIDENCE

## A. STANDARD OF REVIEW

The sole question on appeal is whether there was sufficient evidence to establish that Allen had constructive possession of the cocaine and heroin inside the plastic bag. We review de novo challenges to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Due process requires, that when the evidence is viewed in the light most favorable to the prosecution, a reasonable trier of fact could find each element of the crime established beyond a reasonable doubt. See *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). It is the trier of fact's role to judge credibility and weigh the evidence. *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011). "A prosecutor need not present direct evidence of a defendant's guilt. Rather, [c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v*

---

[2] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

*Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted; alteration in original).

### B. ANALYSIS

Under MCL 333.7402(2)(a)(*iv*), in order to establish that a defendant is guilty of possession of a controlled substance with intent to deliver, the prosecutor must prove beyond a reasonable doubt the following four elements: "(1) that the recovered substance is cocaine [or heroin], (2) that the cocaine [or heroin] is in a mixture weighing less than fifty grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine [or heroin] with intent to deliver." *People v Wolfe*, 440 Mich 508, 516-517; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Allen only challenges the sufficiency of the evidence that he had possession of the cocaine and heroin. "A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive." *Id*. at 519-520. "[C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Id*. at 521. Whether a defendant had possession of narcotics can be established using either "circumstantial or direct evidence, and the ultimate question of possession is a factual inquiry 'to be answered by the jury.'" *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010), quoting *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). A defendant can possess narcotics even if he or she does not own them. *Wolfe*, 440 Mich at 520. However, some connection—other than mere presence at a location where narcotics are discovered—is required to prove constructive possession. *Id*.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to establish constructive possession. Allen was about two feet away from the grocery bag containing a large quantity of narcotics packaged in numerous bags. Both the quantity of the drugs and the way they were packaged was circumstantial evidence that they were intended for sale. Allen had $250 in cash on his person, which is also circumstantial evidence that he was selling narcotics. In addition, Allen testified that he stopped at a gas station to purchase cigarettes and cigarillos before he arrived at Livingston's house. The grocery bag had cigarillos inside it, one of which was missing. That fact allows for a reasonable inference that Allen brought the grocery bag with him from the gas station. Alternatively, it allows for an inference that he stored items belonging to him in the grocery bag. In either case, it is reasonable to infer that he had the right to exercise control over the grocery bag and its contents. See *id*. (citation and quotation marks omitted) (stating that the defendant had possession over cocaine because "he had the right to exercise control of the cocaine and knew that it was present"). Furthermore, although Shaziers was also in close proximity to the bag and also had a large sum of cash on his person, constructive possession can be joint. *Id*. Based on the facts before this Court, there was sufficient evidence to support Allen's convictions for possession with the intent to sell cocaine and heroin.

Affirmed.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle