*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS LAMONT YOUNG,

        Defendant-Appellant.

UNPUBLISHED
August 15, 2019

No. 344799
Wayne Circuit Court
LC No. 18-000235-01-FH

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant, Marcus Young, appeals as of right his jury trial convictions of first-degree home invasion, MCL 750.110a(2), felonious assault, MCL 750.82, carrying a concealed weapon (CCW), MCL 750.227, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Young was sentenced to 10 to 20 years' imprisonment for his home invasion conviction, two to four years' imprisonment for his felonious assault conviction, two to five years' imprisonment for his CCW conviction, and two year's imprisonment for each felony-firearm conviction. We affirm.

## I. BASIC FACTS

In December 2017, the Detroit Fugitive Apprehension Team received information that Young was at an apartment building in Detroit, Michigan. A United States Marshall conducting surveillance observed Young walking out of the building and the deputy saw the grip of a semiautomatic pistol in Young's waistband.

Inside the apartment building, Cheryl Straws was watching her grandchildren when she heard a knock on her apartment door. She sent her 11-year-old granddaughter to answer it and when the child did so, Young pushed his way in and closed the door. He was not invited inside. Straws testified that Young stated, "[d]on't tell the police I'm in here" and that he pulled a gun from under his shirt and held it in front of his stomach. Although he did not point the gun at anyone, Straws stated that Young's words and actions made her believe the police were after him. She added that she was afraid that Young would use the gun, noting that she did not know him or what he had come to her apartment to do. Straws testified that Young walked to the back

-1-

of the apartment, which is where a bedroom and bathroom were located. She looked out the window and saw a lot of police cars. She explained to the jury that she was nervous, and she added that Young was pacing back and forth in the kitchen, hallway, bathroom, and bedroom. She recounted that he returned to the front room and said, "Don't tell the police I'm in here I'll give you some money." He appeared scared and nervous. He then returned to the back of the apartment.

When the police entered the building, Straws opened the door and told them that Young was in her apartment with her grandchildren. An officer directed her to get her grandchildren and leave the apartment. After they left, the officers located Young hiding in a bedroom closet. His gun was found tucked between a mattress and box spring. Following a jury trial, he was convicted of first-degree home invasion, felonious assault, CCW, and two counts of felony-firearm.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Young argues that there was insufficient evidence to sustain his convictions of felonious assault and first-degree home invasion. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Due process requires, that when the evidence is viewed in the light most favorable to the prosecution, a reasonable trier of fact could find each element of the crime established beyond a reasonable doubt. *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). It is the trier of fact's role to judge credibility and weigh the evidence. *People v Jackson*, 292 Mich App 583, 587; 808 NW2d 541 (2011).

### B. ANALYSIS

In order to convict a defendant of felonious assault, the prosecution must establish beyond a reasonable doubt that the defendant committed "(1) an assault, (2) with a dangerous weapon, and (3) and with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999); see also MCL 750.82. "[F]elonious assault is a specific intent crime." *People v Robinson*, 145 Mich App 562, 564; 378 NW2d 551 (1985). The intent element of felonious assault requires either the intent to injure a victim, or the intent to place a victim in reasonable apprehension of an immediate battery. *Avant*, 235 Mich App at 505. "A battery is 'an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.'" *People v Henry (After Remand)*, 305 Mich App 127, 143; 854 NW2d 114 (2014) (citation omitted). "A trier of fact can infer a defendant's intent from his words, acts, means, or the manner used to commit the offense." *People v Harrison*, 283 Mich App 374, 382; 768 NW2d 98 (2009). "Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). "[M]inimal circumstantial evidence will suffice to establish the defendant's state of mind[.]" *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

Young argues that the evidence is insufficient to establish that he intended to injure Straws or place her in reasonable apprehension of an immediate battery. He insists that the evidence only showed that, at most, he intended to hide from the police. However, viewing the evidence in the light most favorable to the jury verdict, he entered Straws's apartment without permission, warned her not to call the police, and displayed a handgun. Based on that evidence, the jury could reasonably infer that Young intended to make Straws believe that if she told the police he was in her apartment he would use the gun to shoot either her or her grandchildren. Threatening conduct is sufficient to place a person in reasonable apprehension of an immediate battery. *People v Reeves*, 458 Mich 236, 244; 580 NW2d 433 (1998). Accordingly, there was sufficient evidence to establish the elements of felonious assault notwithstanding that there was no evidence that Young pointed the gun at anyone in the apartment or directly threatened anyone inside the apartment with bodily harm.

Young also contends that there was insufficient evidence to sustain his conviction of first-degree home invasion. A defendant is guilty of first-degree home invasion if he or she (1) breaks and enters a dwelling or enters a dwelling without permission, (2) intends to commit a felony, larceny, or assault, or actually commits a felony, larceny, or assault while entering, present in, or exiting the dwelling, and (3) another person is lawfully present in the dwelling or the defendant is armed with a dangerous weapon. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). Young only challenges the second element, i.e., whether he intended to commit a felony or assault or actually committed a felony or assault. However, viewing the evidence in the light most favorable to the jury verdict, the record reflects that Young committed a felonious assault when he entered the apartment without permission while armed with a pistol. There was, therefore, sufficient evidence to sustain his conviction.

III. SENTENCE

A. STANDARD OF REVIEW

Young argues that he is entitled to resentencing because the trial court erroneously scored offense variable (OV) 19 at 15 points. We review de novo issues involving the proper interpretation and application of the legislative sentencing guidelines. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted).

B. ANALYSIS

OV 19 addresses threats to the security of penal institutions or courts or interference with the administration of justice or the rendering of emergency services. MCL 777.49. The court must score OV 19 at 15 points if the offender "used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). "Hiding from the police constitute[s] an interference with the administration of justice because it [is] done for the purpose of hindering or hampering the police investigation." *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743

(2016). Here, in order to avoid being apprehended by the police, Young hid in Straw's apartment. He also used the threat of force against Straws by entering her apartment without permission, displaying a gun, and warning her not to tell the police he was present. Consequently, the trial court did not err by scoring OV 19 at 15 points. See MCL 777.49(b).

Affirmed.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra